# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JENNIFER MOY WEST, Ph.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:06-CV-02025** |
| | ) | |
| **v.** | ) | **JUDGE: Richard J. Leon** |
| | ) | |
| **HOWARD UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ANSWER

For its Answer, defendant Howard University, through undersigned counsel, denies each and every averment of the Complaint except as specifically admitted.

Defendants answers the numbered paragraphs of the Complaint as follows:

1.     No answer is required to this paragraph, which characterizes Plaintiff's claims.  To the extent an answer is required, Defendant denies that the Complaint states a valid cause of action for any of the claims listed in the Complaint.

2.     Admitted.

3.     Defendant admits that, in 2005, Plaintiff was reappointed to a one-year position as Assistant Professor which would terminate automatically on May 15, 2006. Defendant otherwise denies the averments of this paragraph.

4.     Defendant admits that, in 2005, Plaintiff was reappointed to a one-year position as Assistant Professor which would terminate automatically on May 15, 2006. Defendant refers to Exhibits A and B of the Complaint for their contents.  Defendant otherwise denies the averments of this paragraph.

5.     Defendant admits that Plaintiff applied for reappointment on or about February 10, 2006, and submitted a two-page letter and 16-page application to Dr. Rashid (Department Chair).   Defendant otherwise denies the averments of this paragraph.

6.     Defendant admits that an attorney claiming to represent Plaintiff sent a letter dated May 18, 2006 to Defendant.  Defendant lacks knowledge as to when Plaintiff engaged her counsel, and therefore denies the averment regarding when she hired an attorney. Defendant otherwise denies the averments of this paragraph.

7.     Defendant admits that Dr. English sent a letter dated May 25, 2006 to the attorney claiming to represent Plaintiff.   Defendant lacks knowledge as to the date it was received by Plaintiff's counsel, and therefore denies the averment that the letter was received by Plaintiff's counsel on May 29, 2006.  Defendant refers to Exhibit II for its terms.   Defendant otherwise denies the averments of this paragraph.

8.     Admitted, except that the averment fails to note that the May 25, 2006 letter directs Plaintiff to contact the Office of the General Counsel with all future correspondence and none was sent to the Office of the General Counsel by Plaintiff or her counsel.

9.     Defendant lacks knowledge as to the date that Plaintiff received Dr. Saravanabhavan's letter (Exhibit III), and therefore denies the averment that Plaintiff received the letter on or about May 30, 2006.  Defendant admits that Dr. Saravanabhavan (Interim Dean) sent Plaintiff the letter dated May 26, 2006 included as Exhibit III to the Complaint.

10.     Denied.

11.     Denied.

12.     This paragraph states a conclusion of law as to which no response is required.  To the extent that a response is required, Defendant lacks knowledge as to the state of

citizenship of Plaintiff. Defendant denies that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant admits, that for purposes of 28 U.S.C. Section 1331(a), it is a citizen of the District of Columbia. Defendant denies that the Court has jurisdiction under 28 U.S.C. Section 1331(a).

13.    Defendant admits that venue in this District would be proper if the Court has diversity jurisdiction over the subject matter of this suit. Defendant otherwise denies the averments of this paragraph.

14.    Defendant lacks knowledge or information as to the state of citizenship of Plaintiff, and therefore denies the averments in the first sentence of this paragraph. Defendant admits that Plaintiff served as an Assistant Professor (Probationary – Tenure Track) in the Department of Human Development and Psychoeducational Studies of the Howard University School of Education between August 2003 and May 15, 2006, with her status subject to the letter of June 15, 2005 for the final year of that period. Defendant otherwise denies the averments of this paragraph.

15.    Admitted.

16.    Defendant incorporates by reference its answers and responses to paragraphs 1 through 15, as if fully stated herein.

17.    Defendant admits that it entered into a contract with Plaintiff when it initially employed her, and when it reappointed her for a one-year term, as an Assistant Professor. Defendant otherwise denies any remaining averments of this paragraph.

18.    Defendant admits that certain terms and conditions of the Faculty Handbook were incorporated into Plaintiff's employment agreement as provided in Section 2.1 of the Faculty Handbook. Defendant denies that all terms and policies of the Faculty Handbook

were incorporated into Plaintiff's employment contract to the extent that the provisions of her

individual contract dated June 15, 2005 superseded the general policies of the Faculty Handbook.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Defendant lacks knowledge and information sufficient to determine the

truthfulness of the averments of this paragraph, and therefore denies them.

25.    Denied.

26.    Denied.

27.    Defendant incorporates by reference its answers and responses to

paragraphs 1 through 26, as if fully stated herein.

28.    This paragraph states a conclusion of law as to which no response is

required.   To the extent an answer is required, Defendant states that it fulfilled all duties of good

faith and fair dealing toward Plaintiff.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Defendant incorporates by reference its answers and responses to

paragraphs 1 through 31, as if fully stated herein.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Defendant incorporates by reference its answers and responses to paragraphs 1 through 35, as if fully stated herein.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Defendant incorporates by reference its answers and responses to paragraphs 1 through 40, as if fully stated herein.

42.    Defendant admits that Plaintiff is an African-American female, and the mother of an adopted daughter.   Defendant lacks knowledge or information as to the truthfulness of the averments about the adopted daughter's name or birth date, and therefore denies such averments.

43.    Defendant admits that it has been aware that Plaintiff is an African-American female, who is the mother of a young adopted daughter.   Defendant otherwise denies the averments of this paragraph.

44.    Denied.

<u>AFFIRMATIVE DEFENSES</u>

1.    The Court lacks subject-matter jurisdiction over this suit.

2.    The Complaint fails to state a claim upon which relief can be granted.

3.    Plaintiff has failed to mitigate her damages.

4.    Plaintiff's claims are barred by the statute of limitations and the doctrine of laches.

5.    Plaintiff's claims are barred by the doctrine of unclean hands.

NOW THEREFORE, Defendant Howard University requests that the Complaint be dismissed in its entirety; that Defendant be awarded its reasonable costs and attorneys fees; and that the Court enter such other relief as it deems appropriate.

Respectfully submitted,

_____
Daniel I. Prywes (D.C. Bar No. 342394)
BRYAN CAVE LLP
700 Thirteenth Street, N.W., Suite 700
Washington, D.C. 20005
Phone: (202) 508-6000
Fax:    (202) 220-7394

January 22, 2007                    Counsel for Defendant Howard University